IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAWN BISHOP MCLIN, Ph.D.**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO. 3:25-CV-193-HTW-ASH**

**JACKSON STATE UNIVERSITY,**
**THE MISSISSIPPI BOARD OF TRUSTEES OF**
**STATE INSTITUTIONS OF HIGHER**
**LEARNING, and MARCUS L. THOMPSON, Ph.D.**     **DEFENDANTS**

### FIRST AMENDED NOTICE OF REMOVAL[1]

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Jackson State University, the Mississippi Board of Trustees of State Institutions of Higher Learning, and Marcus Thompson, Ph.D. (hereinafter "Defendants") hereby file this First Amended Notice of Removal and give notice of removal of this action from the Circuit Court of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division. Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following statement of the grounds for removal:

1. On January 10, 2025, Plaintiff Dawn Bishop McLin, Ph.D., filed a Complaint in this Court, styled "*Dawn Bishop McLin, Ph.D., vs. Jackson State University, The Mississippi Board of Trustees of State Institutions of Higher Learning, and Marcus Thompson, Ph.D.*," bearing cause number 3:25-CV-19-DPJ-ASH.

2. On March 5, 2025, Defendants filed a Motion to Dismiss seeking dismissal of Plaintiff's Complaint in its entirety [Doc. 12].

---

[1] Defendants maintain their initial Notice of Removal [Doc 1] was sufficient but file this Amended Notice of Removal out of an abundance of caution to clarify the record and to specifically reference the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

3. On March 19, 2025, Plaintiff voluntarily dismissed her federal action instead of responding to Defendants' pending motion to dismiss and filed the instant Complaint in the Circuit Court of Hinds County, Mississippi, styled "*Dawn Bishop McLin, Ph.D., vs. Jackson State University, The Mississippi Board of Trustees of State Institutions of Higher Learning, and Marcus Thompson, Ph.D.*," bearing Civil Action No. 25-224. A copy of the original Complaint (with attachments) is attached as Exhibit "A".

4. Defendants filed their original Notice of Removal as to Plaintiff's operative Complaint with this Court on March 19, 2025 [Doc. 1]. Defendants' original Notice of Removal referenced the Court's subject matter jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's assertions of claims arising under the laws of the United States, and did not separately reference 28 U.S.C. § 1367 as a source of supplemental jurisdiction for Plaintiff's state law claims that are part of the same case or controversy.

5. For clarity of the record and avoidance of doubt, Defendants now file this Amended Notice of Removal to specifically reference the Court's supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See*, e.g., *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016) (noting that the "best practice is for the removing party to specifically invoke supplemental jurisdiction and cite to § 1367 in the jurisdictional allegations" but that such failure will not defeat jurisdiction "if the facts alleged in the complaint satisfy the jurisdictional requirements") (cleaned up) (internal quotations omitted); *see also Mesa v. Nationwide Prop. & Casualty Ins. Co.*, No. 09-1262, 2009 U.S. Dist. LEXIS 148643, 2009 WL 10694792, at *2 (S.D. Tex. Jul. 24, 2009) (holding that a defendant may freely amend its notice of removal without leave of court within the 30-day period for removal provided by 28 U.S.C. § 1446(b)).

6. Because Plaintiff asserts claims in this action that arise under the laws of the United States, namely, the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution, and 42 U.S.C. §1983, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Because Plaintiff's state law claims are part of the same case or controversy under Article III of the Constitution, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. Removal is appropriate under 28 U.S.C. § 1441.

7. As required by 28 U.S.C. § 1446(d), Defendants filed a copy of their original Notice of Removal with the Clerk of the Circuit Court of Hinds County, Mississippi on March 19, 2025, which effected the removal.

8. As required by 28 U.S.C. § 1446(b), Defendants file this Amended Notice of Removal within 30 days after receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9. Under 28 U.S.C. § 1446(d), Defendants have given written notice of the filing of this Amended Notice of Removal to all parties in this action.

10. Pursuant to Local Uniform Civil Rule 5(b), Defendants filed a copy of the entire state court record on March 20, 2025 [Doc. 3].

WHEREFORE, Defendants remove this action to the United States District Court for the Southern District of Mississippi, Northern Division, and request this Court assume full and complete jurisdiction over this action and grant such other and further relief as the Court may deem just and proper.

THIS, the 16th day of April 2025.

                Respectfully submitted,

                **JACKSON STATE UNIVERSITY, THE MISSISSIPPI BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, and MARCUS L. THOMPSON, Ph.D.**

                */s/ J. Andrew Mauldin*
                POPE S. MALLETTE (MB No. 9836)
                J. ANDREW MAULDIN (MB No. 104227)
                *Attorneys for Defendants*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*pmallette@mayomallette.com*
*dmauldin@mayomallette.com*