**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DAWN BISHOP McLIN, Ph.D**                                                       **PLAINTIFF**

v.                                             **CIVIL ACTION NO:3:25-cv-00193HTW-ASH**

**JACKSON STATE UNIVERSITY,**
**THE MISSISSIPPI BOARD OF TRUSTEES OF**
**STATE INSTITUTIONS OF HIGHER**
**LEARNING, and MARCUS L. THOMPSON, Ph.D**                   **DEFENDANTS**

**MARCUS L. THOMPSON, Ph.D'S MEMORANDUM IN SUPPORT OF HIS REPLY**
**IN SUPPORT OF HIS MOTION TO DISMISS**

## I.     Introduction

**COMES NOW**, Dr. Marcus L. Thompson, Ph.D ("Dr. Thompson" or "Thompson"), by and through his undersigned counsel, and files this, his, Memorandum in Support of his Reply in Support of his Motion to Dismiss in the above-styled and -numbered cause. In his Motion to Dismiss Plaintiff's Complaint for an Emergency Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Relief ("the Complaint"), Dr. Thompson urged this Court to dismiss Plaintiff's Complaint on several grounds. First, Dr. Thompson moved the Court to dismiss the claims Plaintiff brings in her Complaint pursuant to Title 42 U.S.C. § 1983 because on those claims is entitled to qualified immunity. On that point, the plaintiff's Complaint fails to show that the conduct she claims Dr. Thompson engaged in violated her constitutional rights or clearly established law. Thompson points out, too, that even outside of qualified immunity Plaintiff's Complaint does not describe with legal sufficiency her claims that Dr. Thompson violated her procedural or substantive due process rights with respect to his intention of terminating her employment; his and Jackson State University's ("JSU" or "the University") handling of her pretermination hearing; and his decision to terminate her employment after that hearing. The

Motion to Dismiss also demonstrates the Complaint's inadequate pleading of her allegations of certain Mississippi torts, namely tortious interference with contract and intentional infliction of emotional distress. Finally, Dr. Thompson's Motion demonstrates that Plaintiff's Complaint must be dismissed because her request for injunctive relief fails on both procedural and substantive grounds.

Plaintiff filed a Response brief in opposition to Defendant's points in his Motion to Dismiss, but her her Response largely fails to respond. One of the primary and overarching issues with Plaintiff's averments in her Complaint is that she does not, and cannot, say that she has actually been terminated from her employment position with the University. Even now, Plaintiff remains a University employee, and she has never stopped receiving her full salary since the commencement of her termination process and for the duration of the period she has been on administrative leave. That, alone, is fatal to most of her claims. *See* Miss. Code. Ann § 37-101-15(f) (granting Mississippi's IHL the authority to terminate a professor's contract); *also see Cohly v. Miss. Insts. Of Higher Learning*, 2024 U.S. App. LEXIS 380, *7 (5th Cir. January 5, 2024) (holding that a university employee-Plaintiff's claims for breach of contract and tortious interference with contract were not valid because "until the IHL Board made its final decision, there was no alleged breach" and "the same is true for his claim of intentional interference with a contract, the last element of which is an 'actual loss'"). The plaintiff's Response references, heading-for-heading, the various arguments for dismissal advanced in Dr. Thompson's Motion, but Plaintiff's pleading fails to cite any jurisprudence or facts from her Complaint that adequately address the Complaint's legal and factual deficiencies. This Reply will address each of those fatal issues below and will, in turn, show that this Court should dismiss the Complaint in all respects.

## II. Analysis

Plaintiff's Complaint lacks the necessary factual specificity to survive Dr. Thompson's Motion to Dismiss. Her Section 1983 claims are barred as to Thompson, firstly, because she has failed to demonstrate that Thompson is not entitled to qualified immunity on those claims. Her procedural due process claim fails because her Complaint does not plead specific facts by which she can show or claim that she was not given notice of, and an opportunity to be heard on, Dr. Thompson's intention to recommend her termination to the Mississippi Institutes of Higher Learning. Plaintiff's substantive due process claim also fails because it is not enough to simply state a broad legal conclusion in the substantive due process context that a Government official's allegedly offensive actions were "arbitrary and capricious," and Plaintiff's Complaint and Response are without merit in showing that Dr. Thompson's decision to recommend Plaintiff's termination (1) was so highly egregious and conscience-shocking that it meets the high threshold required to put forth and pursue a substantive due process claim or (2) violated her rights under the First Amendment. Plaintiff's state common law claims are fatally flawed because they do not plead sufficient facts to comport with Mississippi legal requirements for those claims, and Plaintiff's request for injunctive relief has failed to comply with this Court's requirements for pursuing them, and she otherwise has not demonstrated that she has is likely to succeed on the merits of her claims for the reasons stated above and she has not sufficiently pleaded any irreparable harm that necessitates her requested injunctive action.

**A.     Plaintiff's Response Fails to Show Dr. Thompson is Not Entitled to Qualified Immunity on Her Due Process Claims Brought Pursuant to Title 42 U.S.C. § 1983**

Plaintiff's Response to Dr. Thompson's Motion to Dismiss makes no attempt to explain how the facts alleged in her Complaint show that Dr. Thompson is not entitled to qualified

immunity against the due process claims she seeks to pursue against him pursuant to Title 42 U.S.C. § 1983. She states only that qualified immunity would not shield Dr. Thompson from suit and liability for her Mississippi common law claims for breach of contract, tortious interference with contract, and intentional infliction of emotional distress. Her Response does not argue—because she cannot in good faith—that any of the allegations in her Complaint prove that Dr. Thompson violated any of her Constitutional rights. She also fails to cite any jurisprudence that holds that some constitutional right she claims was "clearly established." The Complaint at issue pleads no facts that circumvent Dr. Thompson's qualified immunity as to those claims, and Plaintiff's blanket statement that Dr. Thompson "knowingly violate[d] the law" is the sort of broad, bald legal conclusion unsupported by facts that federal courts have consistently held is insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, Plaintiff should prevail on his invocation of qualified immunity as a defense from suit with respect to Plaintiff's procedural and substantive due process claims that she has brought pursuant to Section 1983.

**B.    Plaintiff's Procedural Due Process Claim Fails Also Because Plaintiff's Complaint Asserts She Received Notice of Dr. Thompson's Intention of Recommending Her Termination and an Opportunity to Be Heard**

Aside from the fact that qualified immunity warrants a dismissal of the procedural due process claim at issue here, Plaintiff's Response to Dr. Thompson's Motion to Dismiss acknowledges that as a tenured faculty member of the University, she was entitled to, and received, "both notice and an opportunity to be heard" concerning Dr. Thompson's intention of recommending that her employment be terminated. Because the plaintiff received notice of the hearing and an opportunity to be heard at the hearing, Plaintiff's procedural due process claim fails. Because she cannot reasonably argue that she received no notice or no hearing, she

advances without citing any legal authority for her positions several novel theories that she claims justify her bring this procedural due process claim. This Court should reject each of those theories.

Plaintiff ignores the fact that she had notice and a hearing and argues, instead, that Dr. Thompson violated her procedural due process rights because, she contends, (1) she was not able to have a lawyer advocate on her behalf at her due process hearing; (2) the hearing did not proceed as a trial would be required to proceed in terms of her having to attend the hearing to present her defense against the charges in the notice of hearing and her not receiving a list of witnesses the University intended to call at the hearing, even though she admits the University called no witnesses; and (3) because Dr. Thompson did not relinquish the authority conferred to him by IHL and the State of Mississippi and chose to make his decision whether to recommend IHL terminate the plaintiff rather than following the report and recommendation of the Faculty Personnel Committee to not recommend her termination. Of course, not one of these complaints raised by the plaintiff is a constitutional right, and certainly neither of those is a clearly established right. Furthermore, neither of those complaints, even when this Court accepts them as true for 12(b)(6) purposes, establishes that Dr. Thompson failed to provide Plaintiff notice of a hearing or an opportunity to be heard. Her Complaint's fact allegations prove very much the opposite. She concedes she received notice of Dr. Thompson's intention to terminate her, and her Complaint describes the bases. She admits she requested and received a hearing. She acknowledges she was heard by the FPC and Dr. Thompson. If her Complaint is to be believed, her ability to defend against the Dr. Thompson's stated reasons for terminating her was so much provided, she was able to present her defense in such a way that the FPC supported her reinstatement. The fact that Dr. Thompson declined to exercise the authority IHL had given him

to make a recommendation as to whether to terminate the plaintiff does not mean she did not get the process she was due. As such, Dr. McLin's procedural due process claim should be dismissed as without merit as pleaded in addition to being dismissed on qualified immunity grounds.

   C.   **Plaintiff's Substantive Due Process Claim Fails Also Because Plaintiff's Complaint Provides No Factual Support for his Bare, Conclusory Claim that Dr. Thompson Acted Arbitrarily or Capriciously, and She Wholly Fails to Plead any First Amendment Violation**

The Complaint in this case does not contain sufficient facts to show Dr. Thompson acted arbitrarily or capriciously in recommending that Plaintiff be terminated, so Plaintiff McLin's substantive due process claim should be dismissed on substantive grounds. Plaintiff has failed to set forth in her Complaint any conscience-shocking, egregious conduct on the part of Dr. Thompson that would enable her to meet the pleading standard required to litigate a substantive due process claim.

Referencing *Cohly* again, the plaintiff in that case made substantially the same arguments as the Plaintiff McLin does here—that the University's then-president, a predecessor of Dr. Thompson as President at JSU, violated the *Cohly* plaintiff's substantive due process rights by not ratifying the recommendation of the University's FPC, which had recommended that former president not terminate the *Cohly* professor-plaintiff. *See Cohly*, 2024 U.S. App. LEXIS 380, *9. The *Cohly* Court affirmed the district court's dismissal of the *Cohly* plaintiff's substantive due process claim, holding that the plaintiff had made no showing that his substantive due process rights were violated and fell "short of shocking the conscience." *Id* ("Dr. Cohly's side of the story was heard by the Committee, Dr. Bynam, and the IHL Board and rejected in favor of a student's account[, and] Dr. Cohly's conclusory allegations do not plausibly show this finding so lacks a basis in fact as to have been made without professional judgment"). That same reasoning

applies here. Dr. McLin cannot make a substantive due process claim simply by complaining that Dr. Thompson did not substitute his own judgment and lawful authority to recommend her termination based on the recommendation of the FPC. Her substantive due process claim should, therefore, be dismissed on qualified immunity and substantive law grounds.

      Although Plaintiff's Complaint sets forth no independent claim for a violation of her rights under the First Amendment, she mentions the First Amendment in her Complaint's subsection that attempts to advance her substantive due process theory. Her Response brief references the First Amendment heavily, although it ignores Dr. Thompson's primary arguments that justify the dismissal of the substantive due process claim she urges. As a general matter, Plaintiff cannot travel on First Amendment grounds to survive Dr. Thompson's motion to dismiss when she has not even asserted a First Amendment claim for relief.

      One of the cases Plaintiff cites in her Response, *Kostic* demonstrates precisely why Plaintiff would not have a valid First Amendment claim (even if she had asserted one in her Complaint, which she did not) and why she cannot resuscitate her substantive due process claim simply by make a reference to the First Amendment. *See Kostic v. Texas A&M Univ. at Commerce*, 11 F. Supp 3d 699, 725 (N.D. Tex. 2014). *Kostic* states the five elements a plaintiff must prove to successfully allege a violation of right under the First Amendment. Two of those requirements show that the very language of Plaintiff McLin's Complaint prove her First Amendment rights have not been violated and why any such claim does not make her substantive due process allegation viable for prosecution against Dr. Thompson.

      To set forth a First Amendment violation with legal sufficiency, Dr. McLin has to allege, amongst other facts, that her claimed protected speech concerned a matter of public concern and that she was not speaking pursuant to her official job duties. *See id*, at 715. She does neither.

Plaintiff states her First Amendment reference is based on the following speech: (1) having communicated votes of "no confidence" for a certain professor, (2) having turned her back on that same professor during a University event, (3) copying too many people on emails, and (4) what she describes as other "inconsequential matters." Not one of those forms of speech is a matter of public concern. *See id*, at 718-19 ("Matters of public concern are those which can be fairly considered as relating to any matter of political, social, or other concern to the community") (internal quotations omitted). Moreover, Plaintiff's referenced communication of the aforementioned vote of "no confidence" and her emails were done pursuant to her official job duties, so she would not have a valid First Amendment issue, even if she had pleaded one. *See id*, at 717-19 ("If made pursuant to official duties, speech is not constitutionally protected, no matter how great its social significance"). Because the speech Plaintiff's Complaint mentions was not related to any matter of public concern and because, in any event, that speech was made in the carrying out of her official duties as a University employee, that speech is not protected by the First Amendment. That issue does not validate Plaintiff's impermissibly flawed substantive due process claim. It should be dismissed on qualified immunity and substantive grounds. *See id*.

      **D.**     **Plaintiff's Response Fails to Buttress Her Inadequately Pleaded State Law Contract and Tort Claims**

Plaintiff has not shown in her Response that her state law claims have been pleaded properly, and those claims must be dismissed. Plaintiff advances a claim for breach of contract, tortious interference with contract, and intentional infliction of emotional distress. The first of those, as stated before, are meritless because Plaintiff has not been terminated. She remains, as her Complaint makes clear, a JSU professor. The University and IHL have never stopped paying Plaintiff her full salary while she is on administrative leave. Unless Plaintiff is actually terminated, which she has not been, she cannot assert any claim for breach of contract or tortious

interference with contract. *See Cohly*, 2024 U.S. App. LEXIS 380, at *7. Yet still, "a person in a position of authority on behalf of another is privileged to interfere with the contract between his principal and another." *Jones v. Gulf Coast Rest. Grp., Inc.*, 2021 U.S. Dist. LEXIS 11797, *14 (S.D. Miss. Jan. 21, 2021) (citing cases). And, Dr. McLin's intentional infliction of emotional distress claim as pleaded in her Complaint would fail even if she had been terminated because the fact she alleges do not spell out the sort of "pattern of deliberate, repeated harassment over a period of time" that this sort of claim ordinarily requires. *See Doughty v. Natchez-Adams Sch. Dist.*, 2017 U.S. Dist. LEXIS 158373, *9 (S.D. Miss. Sept. 27, 2017). For those reasons, Plaintiff's breach of contract and common law tort claims should be dismissed.

### E. Plaintiff's Response Ignores Dr. Thompson's Procedural Challenge to Her Request for Emergency Temporary and Preliminary Injunctive Relief

Dr. Thompson's Motion to Dismiss challenges Plaintiff's request for Emergency Temporary and Preliminary Injunctive Relief on the grounds that Plaintiff has failed to comply with L.U.Civ.R.7(b), which requires a motion for such relief to be presented to the Court in form prescribed in Rule 7(b). In her Response's section referencing that challenge, Dr. McLin fails to explain the delay in requesting such relief when this case has now been commenced in several courts. Only now, in this Complaint for injunctive relief, after initiating and then dismissing one federal complaint which traveled on this same set of facts and which requested no emergency relief, did she for the first time request a restraining order and a temporary injunctive relief as an "emergency" measure. She declines to address why this emergency request is warranted.

Dr. Thompson's Motion and the foregoing section of the instant filing demonstrate that Plaintiff's claims are all fatally flawed. As such, Plaintiff cannot, and in her Response made no effort, to show that she is likely to succeed on the merits of the claims she advances in her Complaint. She has, too, failed to meet the other requirements necessary to be awarded the

extraordinary relief she requests in the form of injunctive relief. *See Thompson v. Attorney Gen. of the State of Miss.*, 129 F. Supp. 3d 430, 433 (S.D. Miss. 2015).

### III.     Conclusion

Dr. Thompson has demonstrated that he is entitled to qualified immunity from suit and liability as to the claims Plaintiff has alleged pursuant to Title 42 U.S.C. § 1983.  But, Plaintiff's procedural and substantive due process claims would fail even if Dr. Thompson had not been qualifiedly immune with respect to those claims.  Plaintiff's breach of contract, tortious interference with contract, and intentional infliction of emotional distress claims fail because Plaintiff's does not plead enough facts to carry those claims forward based on Mississippi law.  Lastly, Plaintiff's failure to request emergency injunctive relief in an emergent or timely fashion and not in accordance with this Court's reules for those requests do not entitle her to emergency relief.

**WHEREFORE, PREMISES CONSIDERED,** Dr. Marcus L. Thompson, Jr. Ph.D. respectfully requests this Court grant his Motion to Dismiss and dismiss Plaintiff's Complaint as to each claim against him.

**RESPECTFULLY SUBMITTED**, on this, the 6th day of June, 2025.

> */s/ E. Carlos Tanner, III*
> E. Carlos Tanner, Esq. (MS Bar No. 102713)
> TANNER & ASSOCIATES, LLC
> Post Office Box 3709
> Jackson, Mississippi 39207
> 601.460.1745 (telephone)
> 662.796.3509 (facsimile)
> carlos.tanner@thetannerlawfirm.com

## CERTIFICATE OF SERVICE

I, E. Carlos Tanner, III, do hereby certify that on this date, June 6, 2025, I have electronically filed the foregoing Memorandum in Support of Dr. Marcus L. Thompson Ph.D's Motion to Dismiss with the Clerk of Court for the United States District Court for the Southern District of Mississippi, which caused notification of that filing to be sent to all counsel of record in this cause.

**ON THIS**, the 6th day of June, 2025.

/s/ E. Carlos Tanner, III
E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
TANNER & ASSOCIATES, LLC
Post Office Box 3709
Jackson, Mississippi 39207
601.460.1745 (telephone)
662.796.3509 (facsimile)
carlos.tanner@thetannerlawfirm.com